IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD C. RODRIGUEZ, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-047-JLF |
| | ) |
| RANDY J. DAVIS, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**FOREMAN, District Judge:**

This action is before the Court to rule on Petitioner's motion for relief from judgment (Doc. 6), filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Petitioner argues that he is, in fact, actually innocent, a direct challenge to the Court's legal finding. Therefore, this argument does not suggest a clerical mistake; rather, Petitioner challenges the Court's application of the law to the facts alleged, but such a challenge must be addressed in a direct appeal. Therefore, Petitioner has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

**IT IS SO ORDERED.**
**DATED: March 15, 2006.**

*s/ James L. Foreman*
**DISTRICT JUDGE**